C. L. WOODWARD *v.* MRS. ALICE L. MYERS.

[62 South. 234.]

1. APPEAL AND ERROR. *Record. Statement of facts. Stipulation. Disposition. Affirmance.*

Where on appeal to the supreme court, the record contains no bill of exceptions, but the brief of counsel for appellant states that the case was tried in the court below by a special judge by agreement without a stenographer on an understanding and agreement between counsel that in case of an appeal to the supreme court an agreed statement of facts would be written out and signed, and be made a part of the record of evidence in the case and that in case an agreement as to the facts introduced in testimony could not be reached, the special judge should prepare and sign a statement of facts which should become a record of the evidence in the case, and no such agreement appeared in the record, which on the contrary showed that the case had been tried by the regular judge, and such statement of facts was not filed with the clerk of the lower court and certified by him, and there was no agreement that such statement of facts should be filed in the supreme court in the first instance, a motion to strike from the files such statement of facts will be sustained.

2. SAME.

Where the only error assigned by appellant, upon which he seeks a reversal of the judgment of the court below on the merits, arises on the evidence and the motion to strike from the files the only paper containing the evidence, is sustained, a motion for judgment affirming the judgment of the court below will be sustained.

APPEAL from the circuit court of Jones county.

HON. R. S. HALL, Special Judge.

Suit by Mrs. Alice Myers, administratrix, against C. L. Woodward. From a judgment for plaintiff, defendant appeals.

The facts are fully stated in the opinion of the court.

*Currie & Currie,* for appellant.

This whole matter, according to our understanding, has already been passed upon by the court on briefs heretofore filed by both sides and the court retained the case on the docket for trial on the merits; the chronological history of the case and the record ought not to help and cannot help counsel for appellee, for that same record shows three things: (a) That it is a fact that the case was tried before Hon. R. S. Hall as special judge by agreement; (b) that all the delay has been caused by the refusal of counsel for appellee to sign the statement of facts; (c) that Hon. R. S. Hall, as special judge, as was agreed, signed the statement of facts, because counsel refused to sign it.

We apply the foregoing facts in their logical order to the argument of counsel. They contend that, not having been appointed by the governor and commissioned as special judge, the Hon. R. S. Hall had no authority in law to sign the statement of facts; we reply that if by agreement of the litigants he could not in law acquire authority to sign a statement of the facts on which he decided the case, then much less could he acquire authority to hear the case and pronounce judgment; in this view the judgment is void and the case should be reversed. The agreement to try the case, and under which it was tried, is an entirety, an inseverable agreement, and in justice must be so construed and applied; counsel for the appellee cannot in law or justice hold on to that part favorable to them and enjoy the fruits of that part of the agreement and reject that part which is unfavorable or objectionable to them; yet this is precisely what they are seeking to do; it is what they urge the court to help them to do; the advantage which they are seeking is wholly unconscionable; if the position which they assume in this case was maintainable on technical grounds, the hand of justice is raised against them to strike them down and equity locks their jaws; they are estopped; nowhere,

no time do they deny this agreement; nowhere, no time and in no way do they attempt to answer the merits of the case; they continue to haggle with the court in an effort to have the case dismissed without decision on the merits; if they have faith in their case and believe that the judgment is righteous and just, why do they not contend with us on the merits? If they have no faith in their case and if they do not believe in the righteousness and justice of their judgment, it comes in bad faith to undertake to have it upheld on the technical position assumed by them in the face of the facts disclosed by this record. We say with stress and emphasis that this condemns their case, but they are not technically right. Under the agreement the Hon. R. S. Hall had the power to try the case and he had the power to sign the statement of facts; when counsel refused to sign them, who else could sign them? Counsel refused to sign the statement of facts and now undertake to have this court apply to us the technical procedure regulating special bills of exceptions. The agreement obviated the necessity of bills of exceptions and was intended to do so; why take bills of exceptions when there has been such an agreement; why make such an agreement if the parties expect to take bills of exceptions? We are proceeding under the agreement, if observed, there is no necessity of bills of exceptions.

We do not care to elucidate upon propositions (b) and (c) above; those points are accurately, amply and correctly covered by our briefs already on file in the record.

We come now to the last question which we wish to discuss: The authenticity of the statement of facts. We call the court's attention to the ninth ground of the motion, and reply to it by saying: That it is not a question whether in law the Hon. R. S. Hall had the right to sign the statement (and this ground assumes a case in which the trial judge was not appointed by the governor

and in which there was no agreement with reference to such statement) but it is a question as to whether under the agreement he had the right to sign it; counsel's contention is an admission that if the special judge in this case had been commissioned by the governor he would have the right to sign it; as the trial judge of this case he held a stronger and more binding commission to try it than the governor could have conferred. The solemn agreement of the particular parties in interest. Under this commission conferred upon him by the litigants, and there is no objection in law, he tried the case and pronounced judgment; counsel say that judgment is good; under the same commission and agreement and as a part of it, this statement of facts was signed; it carries in it the facts that toll the death knell of their case, and in disdain they cry: "Never became a part of the record" —"Not authenticated in any manner known to law"— "Stray document"—"No mark, no brand." To them it is a straying animal, with no pedigree, no marks, no brands, but it has a bell on, and the chimes of the bell and the tramping of its feet sound like a funeral procession; counsel listen; they look; they see the dead carcass of their case slowly borne to its grave by this "unmarked," "unbranded" and "stray" animal and they cry "strike it out! strike it out! strike it out!"

We appeal to the court, in the name of justice and right, in the name of the sacredness of agreements between honorable men, and to the end that justice be done to consider this case on the merits.

*Street & Street,* for appellee.

In support of our motion to strike from the files the alleged statement of facts, filed as an original document for the first time in this court, in the above-styled cause, we beg to say that it seems to us that an examination of the statement in connection with the record will demonstrate that the statement of alleged facts is wholly out of

place in the record and cannot be considered by the court from any standpoint.

It will be noted that the alleged statement is signed by the attorney, who tried the case by agreement of the parties. Now, it is as well settled as anything can be that only the regular judge, or one appointed and commissioned by the governor, is authorized under our law to sign any orders, decrees, agreements, statements, or any other paper in a cause. A lawyer who tries the case at the solicitation or agreement of the parties has no such authority.

In *Rankin County Bank* v. *Johnson,* 56 Miss. 126, it is said: "It was settled in the case of *Saunders* v. *Brown,* that section 536 required the bill of exceptions to be signed by the circuit judge."

The above case is very similar in many of its features to the case at bar, and we direct the court's especial attention to it, because, it not only settles the question that all orders, etc., must be signed by the regular judge, but also holds that any delay in getting the bill of exceptions prepared and properly signed, which carries the case beyond the next term of court, is an unreasonable delay; and also that any agreement of counsel, not on the minutes, had to be made in open court and that fact certified to the supreme court by the judge in the bill of exceptions.

The case at bar is not nearly so strong for appellant, in the present state of the record, as the *Bank* v. *Johnson case. supra,* because, in that case, they did have a bill of exceptions signed by the special judge, and later one was procured to be signed by the regular judge; while, in the case now under consideration, the appellant Woodward, has no bill of exceptions at all, signed by any one. See, also, *McGee* v. *Jones,* 63 Miss. 453.

In further support of our contention that a party acting as judge in the trial of a case by agreement of the parties has no authority to sign any orders, agreements,

statements or proceedings in the cause, we cite Code 1906, section 996.

The rule is different, it seems, if the party who acts as judge in the trial of the case is appointed and commissioned by the governor. Code 1906, section 997, and authorities cited thereunder.

Before any paper can come before this court and be considered by it as a part of the record in the cause, such paper must find its way to the supreme court in some manner provided by law; and we undertake to assert that counsel for appellant will be unable to cite the court to any authority to the contrary.

The alleged statement of facts now under consideration was never filed in the court below; is not marked or otherwise authenticated by the court below or the clerk of the court below, and was never incorporated in any bill of exceptions because there was and is no bill of exceptions. There is no copy of it in the circuit clerk's office of the first district of Jones county, because the paper shows on its face that it has never been in or near the office of the clerk of the lower court. It seems to have been conceived and hatched in the fertile brain of counsel, reduced to writing in Hattiesburg, and hurried to the supreme court clerk, and by him filed on February 22, 1913, just fourteen months and seven days after the judgment of the circuit court was rendered against the appellant. If this kind of a document can be filed at this late day and for the first time in the supreme court, and by it considered as a part of the record, then we submit that all safeguards surrounding appeals and what is to be considered on appeal are set at naught, and this court would be preparing the way to be imposed upon by having some forged or spurious paper filed in a cause at the last moment.

The record in this cause will show that the judgment appealed from was rendered on December 15, 1911, by the circuit court of the first district of Jones county, presided over by Judge Paul Johnson, the regular judge.

The record of appeal, without any bill of exceptions or statement of facts therein, or transcript of the evidence therein, was filed in this court on April 8, 1912. On February 22, 1913, and not until then was the paper filed which we now ask to have stricken out and not considered.

Now, this court will take judicial knowledge of the fact that two terms of the circuit court of the first district of Jones county were held between the date of the judgment (December 15, 1911) and the time of the filing of the alleged statement of facts in the supreme court on February 22, 1913. The whole of the year 1912 elapsed between the two dates; and, as June and December of each year are fixed by law for the holding of the circuit court in the first district of Jones county, it will be seen that two terms of court passed before any statement of alleged facts was sent up to this court. If we understand *Bank* v. *Johnson, supra,* it holds that if one term of court intervenes before the bill of exception is filed, it is an unreasonable time. It is not hard to determine what the court would have held had two terms elapsed, as in this case. Not only that, may it please the court, but the docket of the southern district was called twice in the supreme court between the date of the judgment in the circuit court and the date of the filing of the alleged statement of facts in this court. So, we say, that the statement, even if otherwise proper to be filed, comes too late, and it would seem that if there was ever a case appealed solely for the purpose of delay, this is the one.

It will not avail counsel for appellant to claim that the statement should be allowed to remain on file because of any alleged agreement of the attorneys. There was no agreement that any such statement could be made up by them and filed for the first time in the supreme court more than fourteen months after the judgment was rendered, and they will be unable to produce any such agreement, or any other kind of an agreement, and their as-

sertion of an agreement, if made, will not be noticed by this court, because the court has announced over and over again, that agreements will not be considered or noticed unless in writing and filed with the papers in the case; and, finally, this has been definitely settled and fixed by Rule 22.

We might also, in passing, say that it would seem that Rule 3 of this court would settle the question of whether or not the alleged statement of facts, signed by the attorneys who tried the case by agreement, could remain on file. Rule 3 requires not only that an agreement about what the record shall contain must be in writing, but, also, that such agreement shall be attested by the clerk of the court in which the record may be pending. There is certainly no agreement here attested by the clerk. In fact, the paper shows that the clerk of the lower court never saw it, much less file it or attest any agreement in reference to it.

We think, therefore, that our motion to strike this stray document from the files should be sustained, and, in that event, we feel that it should necessarily follow that the judgment of the court below should be affirmed, for the following reasons, to-wit:

First, because, there is no motion for a new trial in the record. And, in this connection, we call the court's attention to the fact that the motion appearing on page ten of the record is not a motion for a new trial, but is a motion only to set aside a judgment taken by default in this case on a previous day of the term. And the order of the court appearing on page nine of the record will be found to be an order of the court sustaining the motion and setting aside the judgment by default.

Second, because there is no bill of exceptions in this case signed by the regular or special judge, nor is there any agreement of counsel or litigants appearing in the record.

Third, because there is no transcript of any evidence in the case filed in the supreme court in any manner

known to the law, and the judgment of the lower court is presumed to be correct and will be affirmed unless error is clearly shown.

Fourth, because no objection or exception appears in the record to have been taken by appellant at the trial of the case to the action of the court in any particular, either in the granting or refusing of instructions, or in the admission or exclusion of evidence, or to the verdict of the jury, or to the judgment of the court thereon, or to any other matter or thing or proceeding during the progress of the trial.

We respectfully ask, therefore, that the motion to strike from the files this strange and stray document, called a statement of facts, be sustained, and that the court enter an order affirming the judgment appealed from, with costs and damages.

SMITH, C. J., delivered the opinion of the court.

This is a motion to strike from the files a paper styled "Statement of Facts," signed by R. S. Hall, special judge, and to affirm the judgment of the court below. This "Statement of Facts" is an original paper, and not a copy of a paper filed in the court below and certified to us by the clerk thereof. The record contains no bill of exceptions, and we presume this "Statement of Facts" is intended to take the place thereof. Counsel for appellant in their brief state that this cause was tried in the court below by Hon. R. S. Hall, as special judge, by agreement, "without a stenographer, on an understanding and agreement between counsel for appellant and appellee that in case of an appeal to this honorable court an agreed statement of facts would be written out and signed, and be made the record of evidence in the case, and that, in case an agreement as to the facts introduced in testimony could not be reached, Hon. R. S. Hall, special judge, should prepare and sign a statement of facts, which should become a record of the evidence in the case."

No such agreement appears in the record nor has any such been filed among the papers in this case. In so far as the record discloses, the cause was tried by the regular judge. Moreover, even under the agreement claimed, the statement of facts should have been filed with the clerk of the lower court, to be certified to this court, in the absence of a further agreement that it might be filed in this court in the first instance.

The motion to strike the "Statement of Facts" is sustained, and, since the only error assigned by appellant, upon which he seeks a reversal of the judgment of the court below on the merits, arises on the evidence, it will be useless to retain the cause on the docket without a bill of exceptions, and therefore the motion for judgment affirming the judgment of the court below is also sustained.

*Affirmed.*